13-4589

IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

vs.

CEPHUS MITCHELL,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA,
CHARLESTON DIVISION

**APPELLANT'S OPENING BRIEF**

JESSICA SALVINI, ESQ.

SALVINI & BENNETT, LLC
101 W. Park Ave.
Greenville, SC 29601
Telephone No.: (864) 232-5800
Facsimile No: (864) 232-5888

Attorney for Appellant

0

# TABLE OF CONTENTS

PAGE

JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

STATEMENT OF ISSUES. . . . . . . . . . . . . . . . . . . . . . . . .   4

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . .   4

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . .   6

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . .   11

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

    I.     DID THE DISTRICT COURT ERR WHEN IT
           SENTENCED APPELLANT? . . . . . . . . . . . . . . .   12

        A. Standard of Review. . . . . . . . . . . . . . . . . . . . . .   12

        B. Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

1

# TABLE OF AUTHORITIES

**CASES**                                                      PAGE

*Anders vs. California,*
386 U.S. 738 (1967).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 12, 15

*Gall vs. United States*,
552 U.S. 38 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*United States vs. Carter*,
564 F.3d 325 (4th Cir. 2009).. . . . . . . . . . . . . . . . . . . . . . . .  13

*United States vs. Mendoza-Mendoza*,
597 F.3d 212 (4th Cir. 2010).. . . . . . . . . . . . . . . . . . . . . . . .  13

*United States vs. Susi,*
674 F.3d 278 (4th Cir. 2012).. . . . . . . . . . . . . . . . . . . . . . . .  13

**STATUES &RULES**

Fed.R.Crim.P. 11.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10, 11, 14

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

18 U.S.C. § 3553(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13, 14

18 U.S.C. § 1291.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

28 U.S.C. § 2255.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

## JURISDICTION

This appeal arises from the criminal prosecution of Appellant, Cephus Mitchell, (sometimes referred to herein as "Mr. Mitchell" or "Appellant") in the United States District Court for the District of South Carolina, Charleston Division.[1]  The United States District Court for the District of South Carolina in Charleston had original jurisdiction in the matter of *United States v. Cephus Mitchell,* 2:11-cr-00472, pursuant to 18 U.S.C. § 3231.

Appellant entered a guilty plea to the charges brought against him in the matter of *United States v. Cephus Mitchell,* 2:11-cr-00472. Thereafter, the District Court entered a final judgment therein and imposed sentence.  Appellant filed a timely Notice of Appeal.

This Court has jurisdiction to review the District Court's final judgment and imposition of sentence in this matter pursuant to 28 U.S.C. §1291.

---

[1]  This brief is submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Accordingly, no appendix is included herewith.

3

## STATEMENT OF THE ISSUES

1. Appellant asserts the District Court erred in sentencing him to three hundred, ninety-six months (396) months incarceration.

## STATEMENT OF THE CASE

On or about March 1, 2012, the Unites States District Court in South Carolina, Charleston Division, issued a warrant for Mr. Mitchell's arrest. A Third Superseding Indictment was issued on March 14, 2012, which named Mr. Mitchell, as well as others in various drug related crimes.

Mr. Mitchell was not arrested until the Summer of 2012. Thus, he did not make his initial appearance before the District Court in Charleston until on or about July 3, 2012. At that time, Mr. Mitchell entered a not guilty plea and the District Court consider the government's request for an Order of Detention. Based on the alleged violence (shooting(s) and murder of an alleged co-conspirator) that occurred as a result of the criminal activity alleged in the pending indictment, the District Court granted the government's motion for an Order of Detention and Mr. Mitchell was incarcerated pending trial.

4

From July 3, 2012 through September 18, 2012, the parties filed various discovery related motions pertaining to the disclosure and dissemination of information and discovery materials. Each motion was appropriately addressed by the District Court and the case proceeded to scheduling plea(s) and trial date(s).

On December 11, 2012, a Fourth Superseding Indictment was issued, which charged Mr. Mitchell as follows. Count One charged Mr. Mitchell with participating in a criminal conspiracy to: 1) possess and distribute quantities of heroin, cocaine, crack cocaine, and marijuana; 2) conspiring to possess with intent to distribute quantities of heroin, which resulted in serious bodily injury to another person; and 3) opening, leasing, renting, using and maintaining various places in Charleston for the purpose of manufacturing or distributing illegal drugs; all in violation of 18 U.S.C. Section 846. Count Eleven charged Mr. Mitchell, and others, with carrying a firearm during and in relation to a drug trafficking crime and a crime of violence in violation of 18 U.S.C. Sections 2 and 924(c)(1)(A)(iii). Count Twelve charged Mr. Mitchell with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. Sections 2, 922(g)(1), 924(a)(2) and 924(e). Count Thirteen charged Mr.

5

Mitchell and others with carrying a firearm during a crime of violence,

that is, to commit murder, and in fact that a murder was committed in

violation of 18 U.S.C. Sections 924(c)(1), 924(c)(1)(A)(iii), 924(j)(1) and

2.

On April 2, 2013, Mr. Mitchell appeared before the District Court

for jury selection.  However, prior to jury selection commencing, Mr.

Mitchell entered into a plea agreement with the government and entered a

plea of guilty to Counts One, Eleven and Thirteen.

On August 5, 2013, Mr. Mitchell was sentenced to a total term of

three-hundred and ninety-six (396) months of incarceration, followed by a

term of supervised release.

On August 12, 2013, Mr. Mitchell filed a timely Notice of Appeal

and this matter proceeded to the appellate stage.

## STATEMENT OF FACTS

This case arises out of the criminal investigation that commenced in

2009 in Charleston, South Carolina.  At that time, the Charleston Police

Department, the Drug Enforcement Administration, the Bureau of

Alcohol, Tobacco, Firearms and Explosives, the Federal Bureau of

Investigations, the US Attorney's Office and the Solicitor's Office for the

Ninth Judicial Circuit entered into an agreement to create a task force to investigate an apartment complex in Charleston, South Carolina alleged to be the site of numerous state and federal crimes. It was alleged that the apartment complex was the site of alleged home invasions, murders, rapes, shootings, beatings, armed robberies and drug activities; and law enforcement agencies were taking the steps believed to be necessary to end the drugs and violence in that neighborhood.

Through the joint efforts of the aforementioned law enforcement agencies it was discovered that a Jamar Gathers was one of the primary drug dealers at the apartment complex. Through various confidential informants and wire taps, law enforcement officers discovered that heroin was being transported from New York to the apartment complex in Charleston, South Carolina where it was packaged and sold in both Charleston, South Carolina and the Athens, Georgia. The packaging for the heroin contained specific "branding", which further enabled law enforcement officers to track the sales of heroin by specific organizations and/or gangs.

Law enforcement officers learned through confidential informants and wire taps that Jamar Gathers relied on Shawn Blount, who in turn

7

relied on Mr. Mitchell and others, to distribute heroin and/or other drugs for him. Mr. Mitchell and others utilized an apartment at the complex in Charleston, South Carolina to store various drugs and drug proceeds (money). The apartment was a "stash house," where Mr. Mitchell and the others would store heroin, cocaine and drug proceeds. Mr. Blount acted as the "go between" for Mr. Gather, Mr. Mitchell and the other drug dealers.

In the summer of 2010, Mr. Gather and those who sold drugs for him, which included Mr. Mitchell, began to have conflicts with one another. The conflicts arose as a result of Mr. Gather accusing the crew (Mr. Mitchell and others) that sold drugs for him of stealing money from him. At various times law enforcement officers learned that several thousands of dollars were missing and Mr. Gather suspected various individuals of stealing. During this same time, the apartment being used a the "stash house" was shot up. The shooter was believed to be a fifteen year old who was a member of a rival gang. In retaliation, Mr. Mitchell, and others, found the fifteen year old and shot him. This resulted in the fifteen year old being hospitalized. Confidential sources confirmed that Mr. Mitchell was involved in the shooting and actually fired shots at the

8

fifteen year old (though it was unclear which person actually shot the fifteen year old).

Thereafter, Mr. Gathers indicated that he was going to take the drugs and the drug proceeds (money) from the "stash house" and cut Mr. Mitchell and the other drug dealers out. At the time, there was approximately $150,000.00 in drug proceeds at the "stash house." As a result, Mr. Mitchell and the other drug dealers decided they were going to steal the drugs and drug proceeds and murder Mr. Gather.

Mr. Mitchell and the other drug dealers formed a plan whereby Mr. Mitchell and/or Vashty West (another drug dealer) would murder Mr. Gather when he came to the apartment complex to take the drugs and drug proceeds. Mr. Mitchell was waiting for Mr. Gather when he arrived and stopped him, asking him for a cigarette. Mr. Gather shared his cigarette with Mr. Mitchell and when he turned to leave he was then shot in the back of the head. Vashty West was present and took the murder weapon (a gun) and hid it. According to a confidential informant, Mr. Mitchell claimed to have pulled the trigger. However, either Mr. Mitchell or Vashty West could have been the murderer.

9

Mr. Mitchell, and the other drug dealers, were arrest and charged with various federal crimes.  As set forth hereinabove, Mr. Mitchell was charged in the Fourth Superseding Indictment with various drug and gun crimes, resulting in the serious injury of the fifteen year old, as well as the murder of Mr. Gather.  He pled not guilty up until the date of jury selection.

At jury selection, on or about April 2, 2013, Mr. Mitchell entered into a plea agreement pursuant to Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure that took Mr. Mitchell's sentencing range from three hundred and sixty (360) months to Life to a range of two hundred and forty (240) months to three hundred and ninety-six (396) months, by agreement.  The District Court agreed to be bound to the sentencing range stipulated to by the parties.  Further, Mr. Mitchell's plea agreement contained an appellate waiver, whereby Mr. Mitchell agreed to waive his right(s) to challenge his conviction and/or sentence on direct appeal.

At sentencing, the District Court heard arguments from both parties and sentenced Mr. Mitchell to the "high-end" of the sentencing range agreed to by the parties, that is, to a total term of three hundred and

ninety-six (396) months incarceration in the Bureau of Prisons, followed

by a term of supervised release.

Mr. Mitchell filed a timely Notice of Appeal.

## SUMMARY OF THE ARGUMENT

Mr. Mitchell asserts the District Court erred in sentencing him to

three hundred and ninety-six (396) months incarceration in the Bureau of

Prisons.  Mr. Mitchell however, entered into a written plea agreement

with the government pursuant to Rule 11(c)(1)(C) of the Federal Rules of

Criminal Procedure in which Mr. Mitchell agreed to a sentencing range of

two-hundred and forty (240) months to three hundred ninety-six (396)

months.  It was understood that Mr. Mitchell would seek the "low-end" of

that sentencing range and the government would seek the "high-end" of

that sentencing range, with the District Court being prohibited from

sentencing Mr. Mitchell to more than three hundred ninety-six (396)

months incarceration.  In the event the District Court rejected the

aforementioned "sentencing" stipulation of the parties, Mr. Mitchell

would be entitled to withdraw his guilty plea.

The District Court accepted the stipulated sentencing range and

sentenced Mr. Mitchell to three hundred, ninety-six (396) months

11

incarceration, followed by a term of supervised release. Accordingly, Mr. Mitchell's guilty plea and the accompanying plea agreement remained intact and Mr. Mitchell had no basis to withdraw his guilty plea (nor did he attempt to do so). Further, Mr. Mitchell's plea agreement contained an appellate waiver in which Mr. Mitchell agreed to waive his right(s) to a direct appeal of his conviction and/or sentence; only preserving his right to challenge his conviction pursuant to 28 U.S.C. Section 2255 for ineffective assistance of counsel and/or prosecutorial misconduct.

Based thereon, and undersigned counsel's review of the record in this matter, there appears to be no errors to have been committed by the District Court in sentencing Mr. Mitchell. Accordingly, this brief is submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967).

### ARGUMENT

## I. APPELLANT ASSERTS THE DISTRICT COURT ERRED IN SENTENCING HIM TO 396 MONTHS INCARCERATION.

### A.      Standard of Review.

This Court reviews the District Court's imposition of a sentence under a deferential abuse of discretion standard. *See Gall v. United States,* 552 U.S. 38, 51 (2007). First, this Court ensures the District Court did not

commit any procedural errors when imposing its sentence, such as improperly calculating the criminal defendant's Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to adequately explain the basis for its sentence. *See  United States v. Carter,* 564 F.3d 325, 328 (4th Cir. 2009).

If the District Court committed no procedural errors, this Court then considers the reasonableness of the sentence the District Court imposed, taking into account the totality of the circumstances. *See Gall,* 552 U.S. at 51.

This Court will presume that a sentence that is within the Sentencing Guidelines range, or below, is substantively reasonable. See *United States v. Susi,* 674 F.3d 278, 289 (4th Cir.2012).

## B.        Argument.

This Court has held that a District Court should first calculate, or determine the calculation, under the Sentencing Guidelines, then permit the parties to argue for the sentence they deem appropriate and reasonable under the facts and circumstances of the case, before imposing its sentence. *See  United States v. Mendoza–Mendoza,*597 F.3d 212, 216

(4th Cir.2010). Then the District Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.*

In imposing its sentence, the District Court must state on the record an individualized assessment based on the particular facts of the case. *See Carter,* 564 F.3d at 328, 330.

A review of the record in the instant case, indicates the District Court was bound to accept Mr. Mitchell's and the government's agreed upon sentencing range of two hundred forty (240) months to three hundred ninety six (396) months, pursuant to Mr. Mitchell's guilty plea and plea agreement with the government, which was entered into under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. As a result thereof, the District Court was bound by the agreed upon sentencing range of the parties; or Mr. Mitchell would be entitled to withdraw his guilty plea.

The District Court accepted the plea agreement of the parties, considered the arguments of both parties, as well as all the facts and circumstances of the underlying charges. In doing so, the District Court sentenced Mr. Mitchell within the agreed upon sentencing range, imposing a sentence at the "high end" of the range imposing a sentence of

14

three hundred ninety six (396) months incarceration.  A review of the plea colloquy does not indicate there were any errors committed by the District Court.

Further, the plea agreement Mr. Mitchell entered into contained an appellate waiver, which barred Mr. Mitchell from attacking his conviction and/or sentence on direct appeal.  Thus, Mr. Mitchell has no basis to challenge his conviction or sentence herein.

## CONCLUSION

In accordance with the requirements of *Anders v. California,* 386 U.S. 738 (1967), appointed counsel has reviewed the facts and legal issues of this case.  It is counsel's opinion that there are no legal issues that were not properly raised or disposed of by the District Court, and there are no grounds for an appeal in this case to the Court of Appeals.  A copy of this brief has been served on Appellant at his last known address.

Respectfully Submitted,
s./Jessica Salvini
Jessica Salvini

Attorney for Appellant

Greenville, SC
February 28, 2014

15

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.      This brief complies with the type-volume limitation of Fed. R. App.
32(a)(7)(B) because:

This brief contains approximately 2,405 words, excluding the parts
of the brief exempted by Fed. R. App. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App.
P. 32(a)(5) and the type style requirements of Fed. R. App. P.
32(a)(6) because:

This brief has been prepared in a proportionally spaced type face
using Microsoft Word 2000 in 14 Point Times New Roman.

Date:  February 28, 2014          s/ Jessica Salvini
                                  JESSICA SALVINI, ESQ.

                                  Attorney for Appellant

16

13-4589

IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

vs.

CEPHUS MITCHELL,

Appellant.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014, I served a true and correct copy of the following:

## APPELLANT'S OPENING BRIEF

By mailing, or causing to be mailed, a copy to the following person at:

Sean Kittrell, Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
Suite 200
151 Meeting Street
P. O. Box 978
Charleston, SC 29402-0000

Cephus Mitchell (Inmate)
c/o Federal Correction Institution Bennettsville
P.O. BOX 52020
BENNETTSVILLE, SC  29512

s/Jessica Salvini



**Salvini & Bennett, LLC**
**Attorneys at Law**

**101 W. Park Avenue**
**Greenville, SC 29601**

**(864) 232-5800 Office**

February 28, 2014

Cephus Mitchell
c/o Federal Correction Institution
P.O. BOX 52020
BENNETTSVILLE, SC  29512

### Re:  *United States v. Cephus Mitchell*

Dear Cephus,

As you are aware, I was appointed to represent you during the course of your appeal of your conviction and sentence entered in the matter of *United States vs. Cephus Mitchell*, Case No. 2:11-cr-00472.

Although I did not receive a response from you regarding my inquiry into the issues you desired for me to raise on appeal, please be advised that I filed a brief on your behalf in the United States Court of Appeals for the Fourth Circuit in the above captioned matter.  I have enclosed a copy of the brief with this letter for your review and information.

Unfortunately, I indicated in the brief that in my opinion there is no basis for you to appeal your conviction and/or sentence.  The primary reason for my opinion is the plea agreement you entered into with the government.

19

In the plea agreement you entered into with the government, you agreed to waive your rights on appeal. I have enclosed a copy of the plea agreement herein so you can review the appellate waiver. The only potential issues reserved for you to address post-conviction are claims of ineffective assistance of counsel and/or prosecutorial misconduct. If you desired to raise an issue of ineffective assistance of counsel and/or prosecutorial misconduct, you would have to raise those issues in a petition filed pursuant to 28 U.S.C. Section 2255; not on direct appeal. (While there are some circumstances in which you could attempt to raise those issues on direct appeal, in my opinion a review of the record in your case indicates you would be required to raise them in a petition filed pursuant to 28 U.S.C. Section 2255). Keep in mind that you must file such a petition within one year of your conviction.

As a result of my filing a brief on your behalf, pursuant to *Anders vs. California*, indicating that I do not believe you have a viable appeal, the United States Court of Appeals for the Fourth Circuit will send you a letter informing you that you have the right to submit a supplemental brief indicating the errors you believe occurred during your case. This will enable you to argue any issues or errors you believed occurred during your case directly to the Court. The Court will also request a copy of the entire record in your case so that it can do an independent review.

To assist you with filing a supplemental brief, I have enclosed the following records for your review and consideration:

1) The Government's Detention Hearing Memorandum;
2) The Detention Order Pending Trial;
3) The Government's Motion for Disclosure and for Protection of Discovery Material;
4) Order for Disclosure and for Protection of Discovery Materials;
5) Motion for Discovery, Inspection and Inventory;
6) Motion Requiring Goerment To Admit or Deny the Existence of Other Investigations and Potential Indictments;
7) Edwards Notice;
8) Motion for Leave to file Additional Motions;
9) Motion for Disclosure of Intent to Use Other Crimes;

20

10)    Motion to Adopt all Motions Filed by the Co-Defendants;

11)    Motion for Disclosure and for Protection of Discovery Materials;

12)    Order for Disclosure and for Protection of Discovery of Discovery Materials;

13)    Government Motion for Disclosure of Title III Applications, Affidavits and Court Orders;

14)    Order for Disclosure and for Protection of Title III Materials;

15)    Order for Disclosure and for Protection of Title III Materials (second order on Docket);

16)    Fourth Superseding Indictment;

17)    Motion to Set Bond for Cephus Mitchell;

18)    Plea Agreement;

19)    Plea;

20)    Judgment;

21)    Guilty Plea Hearing Transcript;

22)    Sentencing Hearing Transcript


If you need any additional records please do not hesitate to call or write to me. However, keep in mind I am not permitted to send you a copy of your Pre-Sentence Investigation Report. If you would like to review the report you will need to speak with your case manager in the Bureau of Prisons and he or she can assist you with reviewing that document. Also, I do not have a copy of your discovery materials nor do I have a copy of the file your trial counsel is maintaining on your behalf. You will have to address any issues regarding that file with your trial counsel.

I am happy to assist with and review your supplemental brief, if you choose to file one. If needed, please call my office and or write to me with any questions, comments or concerns.


cc:    Clerk of C